UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK DEMOND GILL,

        Petitioner,

v.

                                                Case No. 24-cv-13289
                                                HON. MARK A. GOLDSMITH

MICHAEL BURGESS,

        Respondent.

_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Roderick Demond Gill ("Petitioner"), currently confined at the Oaks Correctional Facility in Manistee, Michigan, asserts that he is being held in violation of his constitutional rights on several drug convictions.  Petitioner was convicted of two counts of conspiracy to deliver a controlled substance less than 50 grams, Mich. Comp. Laws § 333.7401(2)(a)(iv), two counts of delivering a controlled substance less than 50 grams (second/subsequent offense), §§ 333.7401(2)(a)(iv), 333.7413, two counts of maintaining a drug vehicle, § 333.7405(d), one count of possessing with intent to deliver heroin and/or fentanyl less than 50 grams (second/subsequent offense), §§ 333.7401(2)(a)(iv), 333.7413, one count of possessing with intent to deliver cocaine less than 50 grams (second/subsequent offense), §§ 333.7401(2)(a)(iv), 333.7413, and one count of bringing contraband into a jail, § 801.263(1), following a jury trial in the Isabella County Circuit Court.  He was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of

9½ to 40 years in prison on both of his conspiracy convictions, one of his delivery convictions, and both of his possessing-with-intent-to-deliver convictions, concurrent terms of 9½ to 15 years in prison on both of his drug-vehicle convictions, 2 years 10 months to 40 years in prison on his contraband-in-jail conviction, and a consecutive term of 2 years 5 months to 40 years in prison on his second delivery conviction in 2021.

In his habeas petition, he raises claims concerning the sufficiency of the evidence, the conduct of the prosecutor, and the effectiveness of trial counsel (Dkt. 1). For the reasons set forth, the Court concludes that Petitioner is not entitled to relief on his claims and that his habeas petition must be denied. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## I. BACKGROUND

Petitioner's convictions arise from controlled drug buys and a jail contraband incident which occurred in Isabella County, Michigan in 2020. The Michigan Court of Appeals described the facts, which are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1); Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> A confidential informant (CI) for the Mid-Michigan Investigative Narcotics Team (MINT) participated in three controlled drug buys in January 2020 under the direction of a MINT undercover detective. On each occasion, the CI contacted defendant and arranged a meeting to buy cocaine. The CI first went to an apartment to purchase narcotics on January 6, 2020. Defendant was not present in the apartment; instead, a woman named April Welder (Welder) sold the narcotics to the CI. As he was leaving, the CI saw defendant walking up to the apartment.
>
> The CI contacted defendant again and arranged to buy cocaine on January 16, 2020.[2] On arriving at the meeting location, the CI found defendant in the driver's seat of an SUV; Welder was in the front passenger seat. The CI testified that when he entered the vehicle, defendant "pulled out his scales and started weighing up the crack cocaine on the middle console." The CI paid defendant for the cocaine using money he had obtained from the MINT officer before the controlled buy.

2

The informant then arranged another controlled buy from defendant on January 30, 2020. On that date, the CI again met defendant in the same SUV; this time, Welder was in the driver's seat and defendant was in the backseat, and Welder had the crack cocaine in her hand when the CI entered the SUV. The CI again used money he was given by MINT detectives to purchase the cocaine. Officers subsequently conducted a traffic stop and arrested defendant. A scale of a type commonly used to weigh narcotics was found in the back pocket behind the driver's seat of the SUV; defendant subsequently admitted to police that this scale belonged to him. The undercover detective searched defendant during an interview following defendant's arrest and found prerecorded funds that had been given to the CI for the controlled buy. Additionally, the detective felt plastic material in defendant's groin area; the detective twice asked defendant if he had anything on him and defendant twice denied having anything. The detective did not search defendant further, but arranged to notify the county jail staff that defendant might have contraband.

Defendant was transported to the Isabella County Jail, where intake officers again searched defendant. One of the officers found a plastic baggie with cocaine residue in defendant's clothing. A second officer performed a strip-search and recovered additional cash from the waistband of defendant's underwear, as well as a baggie that had been concealed under his testicles. The baggie contained caffeine, a mixture of heroin and fentanyl, and six individually packaged rocks containing cocaine.

Defendant was convicted as described. At sentencing, the trial court assessed defendant 10 points for Offense Variable (OV) 14, finding that defendant was the leader in a multiple-offender situation. It assessed defendant 25 points for OV 19, finding that defendant's conduct in attempting to bring controlled substances into the jail had threatened the security of a penal institution. It also determined that consecutive sentencing under MCL 33.7401(3) was appropriate for defendant's second cocaine delivery sentence, noting that defendant had numerous previous felony convictions, probation and parole and violations, and arrests while on parole. The trial court stated that consecutive sentencing was appropriate due to defendant's low rehabilitation potential, extensive record, and the need for deterrence to others.

[2]The CI testified that defendant answered the phone, but that when the CI was unable to understand defendant, a female—whose voice the CI recognized from the January 6th transaction as Welder's—took over the call from defendant.

People v. Gill, No. 358337, 2023 WL 2051358, *1-2 (Mich. Ct. App. Feb. 16, 2013) (footnote in original).

3

Following his convictions, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented in his habeas petition, as well as sentencing claims. The court denied relief on those claims and affirmed his convictions and sentences. Id. at *2-6. Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Gill, 994 N.W.2d 1247 (Mich. 2023).

Petitioner thereafter filed his federal habeas petition. He raises the following claims:

I. The decisions of the Michigan judiciary denying him relief on his claim of violation of his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were in error as the convictions for maintaining a drug vehicle are not supported by evidence sufficient to establish his guilt beyond a reasonable doubt according to the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979).

II The decisions of the Michigan judiciary denying him relief on his claim of violation of his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were in error, as the prosecution engaged in misconduct during closing argument by vouching for the credibility of a state witness.

III. The decisions of the Michigan judiciary denying him relief on his claim of violation of his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were in error when trial counsel failed to object when the prosecution engaged in misconduct during closing arguments by vouching for the credibility of a key witness for the state.

(Dkt. 1). Respondent filed an answer to the petition contending that the Court should decline to review the sufficiency of the evidence claim based on the concurrent sentencing doctrine, that the prosecutorial misconduct claim is procedurally defaulted, that the ineffective assistance of trial counsel claim is unexhausted, and that all of the claims lack merit (Dkt. 7).

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-406 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002). "The 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case.'" Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have

5

been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  Wiggins, 539 U.S. at 520-521 (citations omitted); see also Williams, 529 U.S. at 409.  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"  Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997)); Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  Id.  Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Id.; see also White v. Woodall, 572 U.S. 415, 419-420 (2014).  Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong."  Woods v. Donald, 575 U.S. 312, 316 (2015).  A habeas petitioner cannot

prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. Woods v. Etherton, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-126 (2008) (per curiam)); Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases-- indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16.

The requirements of clearly established law are determined solely by Supreme Court precedent. Thus, circuit precedent does not constitute clearly established Supreme Court law and cannot provide the basis for federal habeas relief. Parker v. Matthews, 567 U.S. 37, 48-49 (2012) (per curiam); see also Lopez v. Smith, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of a state court's ruling. Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

### III.     ANALYSIS

#### A.     Sufficiency of the Evidence Claim

Petitioner first asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his two convictions for maintaining a drug vehicle. Respondent contends that this claim should be rejected under the concurrent sentencing doctrine and that it lacks merit.

A federal court has discretion to decline ruling on the merits of a claim challenging a conviction that is subject to concurrent sentencing. See Groves v. Meko, 516 F. App'x 507, 508 (6th Cir. 2013). While that doctrine may very well apply here, the Court declines to do so given the possibility of collateral consequences stemming from the maintaining a drug vehicle convictions. The Court shall instead consider the merits of this claim.

The Due Process Clause protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Jackson standard must be applied

8

"with explicit reference to the substantive elements of the criminal offense as defined by state law." Brown v. Palmer, 441 F.3d 347, 351 (6th Cir. 2006) (quoting Jackson, 443 U.S. at 324 n. 16), and through the framework of 28 U.S.C. § 2254(d). Martin v. Mitchell, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable. Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009).

Additionally, "it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial." Cavazos v. Smith, 565 U.S. 1, 2 (2011) (per curiam). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)). Accordingly, the "mere existence of sufficient evidence to convict ... defeats a petitioner's claim." Id. at 788-789.

The Michigan Court of Appeals considered this claim on direct appeal and denied relief. The court explained in relevant part:

> When determining whether sufficient evidence exists to sustain a conviction, we review the evidence in the light most favorable to the prosecution, and consider whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt. People v Oros, 502 Mich 229, 239; 917 NW2d 559 (2018). We are required to draw all reasonable inferences and make credibility choices in support of the jury verdict. Id. The elements of a crime may be proven by direct evidence, circumstantial evidence, and reasonable inferences arising from that evidence. Id.
>
> MCL 333.7405(1)(d) provides, in relevant part, that a person shall not

9

> [k]nowingly keep or maintain a ... vehicle ... that is frequented by persons using controlled substances in violation of this article for the purpose of using controlled substances or that is used for keeping or selling controlled substances in violation of this article.

Defendant argues that, because the evidence at trial showed that Welder, not defendant, had leased or rented the SUV, there is insufficient evidence that he knowingly kept or maintained a drug vehicle within the meaning of MCL 333.7405(1)(d). We disagree.

Defendant correctly notes that there was no evidence presented that he owned the SUV in which the controlled buys occurred on January 16, 2020 and January 30, 2020. However, while defendant further argues that the SUV rental was under Welder's name, the record shows that defendant indicated during his interview with a detective that he and Welder were both paying for the rental. In any event, as this Court held in People v Griffin, 235 Mich App 27, 32; 597 NW2d 176 (1999), to be convicted of keeping or maintaining a drug house, it is not necessary that the defendant own the house. Similarly, it is not necessary for defendant to have owned or been the named renter on a rental agreement for the SUV in order to have kept or maintained a drug vehicle. "The phrase 'keep or maintain' implies usage with some degree of continuity that can be deduced by actual observation of repeated acts or circumstantial evidence, such as perhaps a secret compartment or the like, that conduces to the same conclusion." See People v Thompson, 477 Mich 146, 155; 730 NW2d 708 (2007) (discussing the crime of maintaining a drug house).

In this case, the evidence presented during trial would allow a reasonable jury to conclude that defendant had engaged in continued use of the SUV for the purpose of selling controlled substances. The CI texted and called defendant—using a phone number that he knew belonged to defendant—about buying cocaine, and met defendant on two occasions in the same SUV. On both occasions the SUV was used to conduct the transaction, including weighing out and packaging the cocaine for sale to the CI. Defendant admitted that a scale found in the SUV belonged to him; this scale was found behind the driver's seat within reach of defendant, who was seated behind the passenger seat, and the CI testified that the scale was similar to the scale that defendant had used to weigh cocaine on January 16, 2020. Accordingly, the evidence presented at trial was sufficient to find that defendant knowingly kept or maintained a drug vehicle. Oros, 502 Mich at 239.

Gill, 2023 WL 2051358 at *2-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner contests

10

the Michigan Court of Appeals' interpretation of state law as to the elements of the offense by claiming that he cannot be convicted of maintaining a drug vehicle because he did not lease or own the vehicle, he is not entitled to relief. The Michigan Court of Appeals specifically ruled that leasing or owning the vehicle is not a required element of the offense. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002). State courts are the final arbiters of state law and federal courts will not intervene in such matters. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Oviedo v. Jago, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for perceived errors of state law. Estelle v. McGuire, 502 U.S. at 62, 67-68 (1991).

With respect to the sufficiency of the evidence under the Jackson standard, the record reveals that the prosecution presented sufficient evidence to establish that Petitioner kept or maintained a drug vehicle. The trial testimony revealed that Petitioner had regular control over the SUV as issue because he drove it to one of the controlled drug buys (7/26/21 Trial Tr., p. 202, Dkt. 8-6), he repeatedly used the SUV to conduct the drug deals that he set up (7/26/21 Trial Tr., pp. 177-193, 253-254, Dkt. 8-6), he admitted that he helped pay the lease on the SUV and was the contact person for the leasing agency (7/27/21 Trial Tr., pp. 232-233, Dkt. 8-7), and he had additional cash and drugs in his possession in the SUV when he was arrested, indicting that he had or was going to use the SUV for other drug deals (7/27/21 Trial Tr., pp. 77, 80-85, 105-106, 209-212, 230-231, Dkt. 8-7). Considered in a light favorable to the prosecution, such testimony, and reasonable inferences therefrom, provided a sufficient basis for the jury to conclude beyond a reasonable doubt that Petitioner committed the offenses of maintaining a drug vehicle. The jury's

verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable. Habeas relief is not warranted on this claim.

### B.        Prosecutorial Misconduct Claim

Petitioner next asserts that he is entitled to habeas relief because the prosecution engaged in misconduct by vouching for the credibility of the confidential informant ("CI"), who testified at trial, during closing arguments.  Respondent contends that this claim is barred by procedural default and that it lacks merit.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  Wainwright v. Sykes, 433 U.S. 72, 85-87 (1977); Couch v. Jabe, 951 F.2d 94, 96 (6th Cir. 1991).  The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent."  White v. Mitchell, 431 F.3d 517, 524 (6th Cir. 2006); Howard v. Bouchard, 405 F.3d 459, 477 (6th Cir. 2005).  "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  Harris v. Reed, 489 U.S. 255, 263-264 (1989).  The last explained state court ruling is used to make this determination.  Ylst v. Nunnemaker, 501 U.S. 797, 803-805 (1991).

The Michigan Court of Appeals rendered the last reasoned opinion on this claim.  In denying relief, the court relied upon a state procedural bar – Petitioner's failure to object at trial. Gill, 2023 WL 2051358 at *3.  The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial

errors.  People v. Carines, 597 N.W.2d 130, 138 (Mich. 1999); People v. Stanaway, 521 N.W.2d 557, 579 (Mich. 1994); see also Coleman v. Thompson, 501 U.S. 722, 750-751 (1991).  Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits.  Paprocki v. Foltz, 869 F.2d 281, 285 (6th Cir. 1989).  Plain error review does not constitute a waiver of state procedural default rules.  Girts v. Yanai, 501 F.3d 743, 755 (6th Cir. 2007); Hinkle v. Randle, 271 F.3d 239, 244 (6th Cir. 2001).  Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative.  McBee v. Abramajtys, 929 F.2d 264, 267 (6th Cir. 1991).  The Michigan Court of Appeals denied relief on this claim based on a procedural default – the failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  Coleman, 501 U.S. at 753; Gravley v. Mills, 87 F.3d 779, 784-785 (6th Cir. 1996).  To establish cause, a petitioner must establish that some external impediment frustrated the ability to comply with the state's procedural rule.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  A petitioner must present a substantial reason to excuse the default.  Amadeo v. Zant, 486 U.S. 214, 223 (1988).  Such reasons include interference by government officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available.  McCleskey v. Zant, 499 U.S. 467, 493-494 (1991).

Petitioner alleges ineffective assistance of trial counsel as cause to excuse this procedural default.  A claim of ineffective assistance of counsel asserted as cause to excuse a procedural

13

default is an independent constitutional claim which must be properly exhausted in the state courts.  Edwards v. Carpenter, 529 U.S. 446, 453 (2000).  While Petitioner raised a claim of ineffective assistance of trial counsel regarding the failure to object to the prosecution's closing arguments before the Michigan Court of Appeals on direct appeal (and was denied relief), he did not raise such a claim before the Michigan Supreme Court.  See Pet. App. for Leave to Appeal (Dkt. 8-11).  Consequently, he cannot rely on ineffective assistance of trial counsel to establish cause to excuse his procedural default.  See Jacobs v. Mohr, 265 F.3d 407, 417-418 (6th Cir. 2001).

A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default.  Smith v. Murray, 477 U.S. 527, 533 (1986); Long v. McKeen, 722 F.2d 286, 289 (6th Cir. 1983).  Nonetheless, the Court finds that Petitioner cannot establish prejudice (or that he is otherwise entitled to habeas relief on this claim) because, as explained by the Michigan Court of Appeals in reviewing the claim for plain error on direct appeal, the claim lacks merit.

The United States Supreme Court has made clear that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction."  Berger v. United States, 295 U.S. 78, 88 (1935).  To prevail on a prosecutorial misconduct claim, a habeas petitioner must show that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); see also Darden v. Wainwright, 477 U.S. 168, 181 (1986) (citing Donnelly); Parker v. Matthews, 567 U.S. 37, 45 (2012) (confirming that Donnelly/Darden is the proper standard).  The standard "is a very general one, leaving courts more leeway ... in reaching outcomes in case-by-

case determinations." Parker, 567 U.S. at 48 (punctuation modified). "That leeway increases in assessing a state court's ruling under AEDPA" because the court "cannot set aside a state court's conclusion on a federal prosecutorial-misconduct claim unless a petitioner cites ... Supreme Court precedent that shows the state court's determination in a particular factual context was unreasonable." Stewart v. Trierweiler, 867 F.3d 633, 638-639 (6th Cir. 2017).

The Michigan Court of Appeals reviewed this claim for plain error and denied relief. The court explained in relevant part:

> "Claims of prosecutorial [error] are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." People v Isrow, _ Mich App _, _; _ NW2d _ (2021) (Docket Nos. 351665 and 354834); slip op. at 4 (quotation marks and citation omitted). "A prosecutor cannot 'vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness' ...." Id. at _; slip op. at 4, quoting People v Bahoda, 448 Mich 261, 276; 531 NW2d 659 (1995). Additionally, the prosecution cannot "mischaracterize evidence." Id. at _; slip op. at 4. "However, the prosecutor may argue from the evidence, and reasonable inferences from it, to support a witness's credibility." Id. at _; slip op. at 4. "The prosecutor also may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." Id. at _; slip op. at 4 (quotation marks and citation omitted).
>
> In defense counsel's closing argument, counsel attacked the credibility of the CI— a witness for the prosecution's case. Defendant's counsel questioned the CI's credibility because he had testified in exchange for a favorable plea deal in a separate and unrelated case. In rebuttal, the prosecution argued that although the CI had stated that he needed to "take people down" to fulfill the terms of his plea agreement, it did not "mean he took people down illegally or improperly or lied about what he did." The prosecution argued that the CI "was quite credible," because he did not testify regarding information that he did not remember. The prosecution then reviewed the evidence that, it contended, corroborated the CI's testimony, and stated, "I guess bottom line, ladies and gentlemen, [the CI] testified ... to the truth of the matters that he participated in. Certainly, if he was lying, he could've lied about a lot of other things or tried to implicate the Defendant further as I explained before." The prosecution also told the jury, "You can believe him."

15

> The prosecution's statements, when viewed in context, do not constitute prosecutorial error because they were made in response to defense counsel's argument and theory of the case—that the CI was not a credible witness. See People v Jackson, 313 Mich App 409, 427; 884 NW2d 297 (2015). The prosecution argued that the CI's testimony was credible because it was corroborated by other evidence, which was proper. See People v Clark, 330 Mich App 392, 434-435; 948 NW2d 604 (2019). Moreover, the prosecution did not imply that it had any special knowledge that the witness was telling the truth. We conclude that defendant has failed to show error, plain or otherwise, in the challenged remarks.

Gill, 2023 WL 2051358 at *3-4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. It is well-settled that it is improper for a prosecutor to express his or her own personal opinion as to a witness's credibility. United States v. Young, 470 U.S. 1, 9-10 (1985); Hodge v. Hurley, 426 F.3d 368, 378 (6th Cir. 2005); United States v. Modena, 302 F.3d 626, 634 (6th Cir. 2002). Such statements are improper because they can convey the impression that the prosecutor has evidence not presented to the jury which supports the charges against the defendant thereby infringing upon the defendant's right to be judged solely based upon the evidence presented and because the prosecutor's opinion carries with it the imprimatur of the government and may induce the jury to trust the government's judgment rather than its own. Young, 470 U.S. at 18-19; Cristini v. McKee, 526 F.3d 888, 901 (6th Cir. 2008); see also Wilson v. Bell, 368 F. App'x 627, 633 (6th Cir. 2010) (citing cases).

The prosecutor in this case did not improperly vouch for the CI's credibility. Rather, the prosecutor argued that the CI should be believed based upon the substance of the witness's testimony, the witness's demeanor, and the other evidence presented at trial (7/28/91 Trial Tr., pp. 40-47, Dkt. 8-8). It is well-established that a prosecutor may argue reasonable inferences from the evidence, Bates v. Bell, 402 F.3d 636, 646 (6th Cir. 2005), and may argue from the facts

16

that a witness is or is not worthy of belief. Portuondo v. Agard, 529 U.S. 61, 69 (2000). The prosecutor in this case did not express a personal opinion or knowledge about Petitioner's guilt or imply that there was undisclosed evidence of guilt. Rather, the prosecutor argued, in response to defense counsel's attack on the CI's credibility, that the CI was worthy of belief. The prosecutor's remarks, considered as a whole and in the context of closing and rebuttal arguments, were not improper.

Moreover, the record shows that the trial court properly instructed the jurors on the law, explained that the attorneys' questions and remarks are not evidence, and directed them to evaluate the credibility of witnesses and to decide the case based solely on the evidence (7/28/21 Trial Tr., pp. 49-52, Dkt. 8-8). Such instructions mitigated any potential prejudice to Petitioner. See Hamblin v. Mitchell, 354 F.3d 482, 495 (6th Cir. 2003); Knapp v. White, 296 F. Supp. 2d 766, 776 (E.D. Mich. 2003). Jurors are presumed to follow the court's instructions. Penry v. Johnson, 532 U.S. 782, 799 (2001) (citing Richardson v. Marsh, 481 U.S. 200, 211 (1987)); United States v. Powell, 469 U.S. 57, 66 (1984) ("Jurors ... take an oath to follow the law as charged, and they are expected to follow it."). Petitioner fails to show that the prosecutor's comments were improper or that they deprived him of a fundamentally fair trial.

Petitioner also fails to establish that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of someone who is actually innocent. Schlup v. Delo, 513 U.S. 298, 326-327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires a petitioner to support his [or her] allegations of constitutional error with new reliable

17

evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324.  Petitioner makes no such showing.  He offers no new evidence, let alone reliable evidence, of his innocence that was not presented at trial.  This claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

### C.      Ineffective Assistance of Trial Counsel Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to object to the alleged prosecutorial misconduct.  Respondent contends that this claim is unexhausted and that it lacks merit.

As discussed, this claim has not been fully exhausted in the state courts because Petitioner failed to raise it before the Michigan Supreme Court on direct appeal.  Nonetheless, the Court declines to dismiss the claim on such a basis.  A federal court has discretion to deny habeas relief on an unexhausted claim.  See 28 U.S.C. § 2254(b)(2) (providing that a habeas petition may be denied on the merits despite the failure to exhaust state court remedies); see also Hudson v. Jones, 351 F.3d 212, 215-216 (6th Cir. 2003).  The Court shall proceed to the merits of this claim.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.  Strickland, 466 U.S. at 687.  Second, the petitioner must establish that counsel's deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  Id.

18

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. Id. at 690. A reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. Id. at 689.

To satisfy the prejudice prong under Strickland, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Id. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Harrington, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

19

The Michigan Court of Appeals considered this claim on direct appeal and denied relief. The court explained:

> Further, because "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel," People v Ericksen, 288 Mich App 192, 201; 793 NW2d 120 (2010), we likewise reject defendant's argument that his trial counsel was ineffective for failing to object to the prosecution's comments. See Isrow, _ Mich App at _; slip op. at 5.

Gill, 2023 WL 2051358 at *4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Given the Michigan Court of Appeals' decision, as well as this Court's determination, that the underlying prosecutorial misconduct claim lacks merit, Petitioner cannot establish that trial counsel erred and/or that he was prejudiced by counsel's conduct in not objecting to such matters at trial. Counsel cannot be deemed ineffective for failing to make a futile or meritless objection or argument. Tackett v. Trierweiler, 956 F.3d 358, 375 (6th Cir. 2020); Hoffner v. Bradshaw, 622 F.3d 487, 499 (6th Cir. 2010); see also Coley v. Bagley, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."). Petitioner fails to establish that trial counsel was ineffective under the Strickland standard. Habeas relief is not warranted on this claim.

### IV.    CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court denies and dismisses with prejudice the habeas petition.

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner

20

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if the petitioner demonstrates that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and reasonable jurists would find it debatable whether the court was correct in its procedural ruling. Id. The Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. See Fed. R. App. P. 24(a). Accordingly, the Court denies Petitioner leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

Dated: June 24, 2026  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

21

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 24, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager